United States District Court
Southern District of Texas

**ENTERED**

November 30, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| S&H JERRYPAT, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00274 |
| | § | |
| ACCEPTANCE INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## <u>OPINION AND ORDER</u>

The Court now considers "Defendant Acceptance Indemnity Insurance Company's Motion to Bar Attorneys Fee's Pursuant to Section 542A.007 of the Texas Insurance Code."[1] Because Plaintiff has not responded, the motion is unopposed by operation of this Court's Local Rule,[2] and is ripe for consideration.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff S&H Jerrypat, Inc. ("Plaintiff") commenced this insurance suit against Defendant Acceptance Indemnity Insurance Company ("Defendant") with the filing of its complaint in this Court on August 12, 2022.[3] This case arises from a storm in Hidalgo County, Texas. Plaintiff filed a claim for damages to its property under an insurance policy issued by Defendant. Plaintiff filed this lawsuit alleging that Defendant underpaid Plaintiff's claim, and also asserted other other non-

---

[1] Dkt. No. 11.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1.

contractual claims, including violations of the Texas Insurance Code and Deceptive Trade Practices Act.[4]

## II. DISCUSSION

### a. Legal Standard

In an insurance case, a plaintiff "must provide written notice to the other person not later than the 61st day before the date the action is filed."[5] The statute contains two exceptions for impracticability: where there is a reasonable basis for believing there is insufficient time before the statute of limitations will expire, and where the action is a counterclaim.[6]

If a plaintiff does not provide presuit notice and an exception does not apply, the plaintiff forfeits "any attorney's fees incurred after the date the defendant files the pleading [to preclude attorney's fees] with the court."[7] That pleading must be filed within 30 days of the defendant's answer.[8] The defendant bears the burden to plead and prove that it was entitled to presuit notice and did not receive it.[9] Once defendant meets its burden, however, relief is mandatory; the court "may not award" the precluded attorney's fees.[10]

### b. Analysis

Here, Defendant asserts that "Plaintiff sent their [sic] notice letter on June 29, 2022. Plaintiff then filed suit on August 12, 2022, a mere 44 days later, less than the statutory minimum of 61 days."[11] Further, Defendant asserts that the failure to send their notice letter more than 61 days before filing the action is not excused under the standard because "Defendant made its claim

---

[4] Dkt. No. 1.
[5] TEX. INS. CODE § 541.154(a); *see also* TEX. INS. CODE § 542A.003(a).
[6] *Id.* §§ 541.154(c), 542A.003(c).
[7] *Id.* § 542A.007(d).
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Dkt. No. 11 at 2.

determination on August 4, 2020" and "Plaintiff's counsel appeared to have been involved in the claim as far back as the public adjuster property inspection on February 12, 2021, though it was likely involved before then to retain the public adjuster."[12]

As previously mentioned, Plaintiff has failed to respond to the instant motion. Thus, the Court accepts Defendant's assertion that it made its claim determination on August 4, 2020. This assertion is further supported by Plaintiff's complaint which states that Defendant wrongfully adjusted Plaintiff's claim on or around August 7, 2020.[13] Thus, the Court has no reason to find that there was a reasonable basis for Plaintiff to believe there was insufficient time to send pre-suit notice before the statute of limitations would expire. The second exception to the statue does not apply to this matter. Thus, the Court finds that Plaintiff's failure to provide notice at least 61 days before the filing of the instant suit cannot be excused under either exception to the statute. Further, Defendant answered Plaintiff's complaint on October 7, 2022 and filed the instant motion on November 3, 2022. Thus, Defendant has met its burden.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Defendant's motion is hereby **GRANTED**.[14] Accordingly, Plaintiff cannot recovery attorneys' fees incurred the date after Defendant's filing of the instant motion (November 3, 2022).

IT IS SO ORDERED.

DONE at McAllen, Texas, this 30th day of November 2022.

_____
Micaela Alvarez
United States District Judge

---

[12] *Id.* at 3.
[13] Dkt. No. 1 at 6.
[14] Dkt. No. 11.